UNITED STATES DISTRICT COURT  
NORTHERN DISTRICT OF INDIANA  
HAMMOND DIVISION                                       CASE NO. 2:20-CV-307

Jasmail Singh

PLAINTIFF

—v—

John Doe and ANG Transportation, Inc.

DEFENDANTS

# NOTICE OF REMOVAL

The Defendants remove this matter from the Porter Superior Court to this Court under   *et seq*. In support of removal, the Defendants show the court that:

① Jasmail Singh sued the Defendants in negligence in the Porter Superior Court, where his lawsuit was assigned cause no. 64D05-2008-CT-006083.

② In his lawsuit, filed on August 6, 2020, Singh says that as he walked, he was struck by a tractor-trailer driven by "John Doe." The incident occurred in Porter County, Indiana. Singh seeks damages for the injuries he attributes to the November 5, 2019 incident.

③ A copy of Singh's state-court complaint the pleadings and process served on the Defendants is attached as Exhibit A.[1]

④ Jasmail Singh is a Wisconsin citizen.

⑤ ANG Transportation, Inc. is an Illinois corporation with a principal place of business in Addison, Illinois. It is an Illinois citizen.

⑥ Singh says that the tractor-trailer's driver, Doe, is an "employee, agent,

---

[1] 28 U.S.C. § 1446(a).

⑥ servant, or independent contractor for ANG Transportation, Inc."[2]

⑦ John Doe is not a "fictitious" defendant;[3] Singh just doesn't know his name.[4] ANG Transportation, Inc. knows Doe's name because of his relationship with the corporation.[5] Doe is a resident of Schaumburg, Illinois, and is an Illinois citizen.

⑧ This is an action between citizens of different states.[6]

⑨ Singh's complaint doesn't identify the amount in controversy; Indiana law forbids specifying the damages sought in personal-injury suits.[7] But on June 18, 2020, he demanded $300,000 to settle his claim.[8]

⑩ Based on the settlement demand, there is more than $75,000 in dispute,[9] exclusive of interest and costs.

---

[2] Complaint, ¶ 17.

[3] (In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded).

[4] *Likens v. Menard, Inc.*, 2015 U.S. Dist. LEXIS 83647 (N.D. Ill. 2015).

[5] *Id.*

[6] 28 U.S.C. § 1332.

[7] Ind. T.R. 8(A)(2) ("[I]n any complaint seeking damages for personal injury or death, or seeking punitive damages, no dollar amount or figure shall be included in the demand").

[8] See Exhibit B. Where the complaint lacks an *ad damnum* clause, a pre-suit settlement demand constitutes the amount "in controversy" for diversity jurisdiction. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).

[9] In general, the proponent of jurisdiction has the burden of showing, by a preponderance of the evidence, facts that suggest the amount in controversy is met. *Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006). That is easier said than done when the plaintiff doesn't want to be in federal court and provides little information about the value of his claims. *Id.* In such cases, "a [defendant's] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.*

⑪ Because the parties are diverse, and the amount in controversy exceeds $75,000, this Court has original jurisdiction[10] and this action may be removed to this Court.[11]

⑫ Venue is proper in the Northern District, Hammond Division, as the events leading to the incident that Singh complains about occurred in Porter County, Indiana.[12]

⑬ The Defendants served a notice of removal, with a copy of this removal notice, upon Jasmail Singh and have filed the notice of removal with the Porter Superior Court.

Date: August 19, 2020      /s/ J. Thomas Vetne
                           J. Thomas Vetne | 19606-64

                           **Jones Obenchain, llp**
                           600 KeyBank Building
                           202 S. Michigan St.
                           Post Office Box 4577
                           South Bend, IN 46634-4577

                           574.233.1194 | 574.233.8957 fax

                           jtv@jonesobenchain.com

                           Defendants' Attorney

---

[10] 28 U.S.C. § 1332.
[11] 28 U.S.C. § 1441 and 28 U.S.C. § 1446.
[12] 28 U.S.C. § 94(a)(3).

CERTIFICATE OF SERVICE

On August 19, 2020, I served this removal notice on the following via email:

>Mr. Ryan Etter
>Ken Nunn Law Office
>104 South Franklin Rd.
>Bloomington, IN 47404-5295

>Plaintiff's Attorneys

*/s/ J. Thomas Vetne*
J. Thomas Vetne | 19606-64